

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-91,756-01

### EX PARTE JIMMY ANTHONY JIMENEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2016CR10783W IN THE 226ᵀᴴ CRIMINAL DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam.*

### O P I N I O N

Applicant was convicted of burglary of a building and sentenced to five years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant was released to mandatory supervision on August 15, 2019. While on release, he was arrested for aggravated assault. Due to the arrest, the Parole Division issued a pre-revocation (aka "blue") warrant, and it was executed on January 13, 2020. According to the trial court, Applicant remains incarcerated in the county jail on the blue warrant—over eight months to date.

Applicant alleges that the Board of Pardons and Paroles and the Parole Division have failed

to afford him a final parole revocation hearing before the 41st day after the parole warrant was executed, *see* TEX. GOV'T CODE § 508.282 (setting the 41-day deadline), and that this denial of a final parole revocation hearing within a reasonable time violates Due Process, *Morrissey v. Brewer*, 408 U.S. 471 (1972) (holding that a parolee is entitled to due process in parole revocation). The trial court ordered the Texas Department of Criminal Justice, Parole Division to file an affidavit addressing the issue raised. The affidavit states that a final revocation hearing has not been scheduled. The affidavit incorrectly states that Applicant has been convicted on the new aggravated assault charge. The trial court recommends that relief be granted by ordering the Board of Pardons and Paroles and the Parole Division to dismiss the revocation proceedings and release Applicant from confinement.

This Court agrees. Section 508.254—titled "Detention Under Warrant"—concerns the Board's authority to detain a releasee pursuant to a blue warrant; Section 508.282—titled "Deadlines"—provides the deadlines the Parole Board must follow. The habeas record shows that no charge on the new assault offense has been filed. The Board of Pardons and Paroles and the Parole Division has violated the 41-day deadline required by Section 508.282, and it has violated Due Process as required by the Supreme Court's holding in *Morrissey v. Brewer*, *supra*. The Board of Pardons and Paroles and the Parole Division is ordered to immediately dismiss the current parole revocation proceeding, and Applicant is to be released from confinement based on it. Mandate shall issue on the same date this opinion is delivered.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: October 7, 2020
Do not publish